UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL REEVES,<br><br>                    Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HOUSING AUTHORITY; JACQUELINE HAYNES; JOURDAN NEAL-GRANT,<br><br>                    Defendants. | 23-CV-3820 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, brings this *pro se* action under Title II of the Americans with Disabilities Act of 1990 ("ADA"), the Fair Housing Act ("FHA"), and state law, alleging that Defendants discriminated against him on the basis of his disability with respect to a housing voucher for his Brooklyn, New York, apartment. Named as Defendants are the New York City Housing Authority ("NYCHA"), NYCHA Housing Assistant Jacqueline Haynes, and NYCHA Assistant Director of Leased Housing Jourdan Neal-Grant. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Claims under Title II of the ADA and the FHA are subject to the general venue provision, 28 U.S.C. § 1391. Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants discriminated against him in Brooklyn with respect to a NYCHA housing voucher for Plaintiff's Brooklyn apartment. He also suggests that he has received "eviction orders," presumably as a result of eviction proceedings in a state or local court in Brooklyn. Brooklyn is located in Kings County, which falls in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff does not plead the residences of the individual defendants, but he alleges that Haynes is an employee of NYCHA's Manhattan office, and that Neal-Grant is an employee of NYCHA's Brooklyn office. Plaintiff does not provide an address for NYCHA, but as an entity of the City of New York, NYCHA is likely considered a resident of both this District and the Eastern District of New York.[1] It therefore appears that venue is proper under Section 1391(b)(1) in both this District and the Eastern District of New York. Because the events giving rise to Plaintiff's claims occurred in Brooklyn, venue is also proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

---

[1] This District, the Southern District of New York, is comprised of the following counties within the State of New York: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, where Plaintiff's apartment is located and any eviction proceedings are likely to occur, and it is reasonable to expect that relevant documents and witnesses also would be in Brooklyn. Furthermore, because Plaintiff does not reside in this District and the operative events did not occur here, his choice of forum is accorded less deference. *See Iragorri*, 274 F.3d at 72. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A decision on

Plaintiff's request for preliminary injunctive relief (ECF 3) is also reserved for the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 9, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge